**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONNIE EARNSHAW, | No. 08-56004 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01296-VBK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Argued and Submitted October 6, 2009
Pasadena, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and TRAGER,[**] District Judge.

Connie Earnshaw appeals from the district court's judgment, which affirmed

the ALJ's finding that she is not disabled. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1

The ALJ found that Earnshaw was of advanced age, could no longer perform her past work, and had a residual functional capacity to perform "a slightly narrowed range of light work." At the hearing, the vocational expert identified only one sedentary occupation, receptionist, that Earnshaw could perform given her limitations. Because the vocational expert's testimony designated only one job Earnshaw could perform, within the sedentary category, the sedentary grid rules apply. See Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir. 1995).

Earnshaw argues that under Lounsburry v. Barnhart, 468 F.3d 1111 (9th Cir. 2006), she must be found disabled as a matter of law because the vocational expert identified only one occupation that she could perform. Lounsburry is inapplicable, however, because the sedentary grid rules (and not the light work grid rules) apply to this case. The outcome is instead controlled by Tommasetti v. Astrue, 533 F.3d 1035, 1043-44 (9th Cir. 2008). In Tommassetti, the vocational expert identified only one sedentary occupation that the claimant could perform, but for which jobs existed in significant numbers in the national economy. Id. at 1038. Tommassetti held that under the sedentary grid rules this constituted a "significant range of work" and the claimant was not disabled. Id. at 1043-44. In this case, Earnshaw was found to be capable of performing the sedentary occupation of receptionist, for

which jobs exist in significant numbers in the national economy. Thus, the ALJ properly concluded that Earnshaw is not disabled.

Earnshaw also argues that the ALJ did not properly consider the opinions of her treating physicians, Dr. Walker and Dr. Wood. Earnshaw is incorrect. The ALJ properly considered the testimony of Earnshaw's treating physicians, and listed specific, legitimate reasons based on substantial evidence in the record for rejecting their findings. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Finally, Earnshaw argues that the ALJ failed to consider the lay testimony of Earnshaw's sister-in-law, Tana Earnshaw. Any potential error here was harmless because the testimony was not clearly competent or favorable to the claimant. Stout v. Comm'r, Soc. Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). Tana Earnshaw's testimony indicated insufficient contact with the claimant to provide relevant evidence of the claimant's ability to work, and as a whole undermined rather than supported the claimant's disability claim.

**AFFIRMED.**