NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDITH NICOLE BOSTWICK,

        Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   15-55796

D.C. No.
3:13-cv-01936-LAB-MDD

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 9, 2017[**]
Pasadena, California

Before: THOMAS, Chief Judge, NGUYEN, Circuit Judge, and AMON,[***] District
Judge.

      Edith Bostwick appeals the district court's decision affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

Commissioner of Social Security's determination that she did not qualify for disability insurance benefits. At steps four and five of the sequential evaluation process, the Administrative Law Judge ("ALJ") found that Bostwick could not perform her past work as a sales representative, but could perform other work that existed in significant numbers in the national economy and was therefore not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

**1.** The ALJ properly weighed the medical evidence before concluding that Bostwick had the residual functional capacity to perform light work. The ALJ gave specific reasons, supported by substantial evidence, for discounting Dr. Bronner's opinion because it is inconsistent with the opinions of the examining doctor, testifying medical expert, and two state medical consultants, as well as inconsistent with the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992))).

Substantial evidence also supported the ALJ's decision to credit the testimony of Dr. Jensen that Bostwick could perform light work, even with her

2

limitations. Dr. Jensen's testimony comported with the objective medical evidence and with the opinions of the examining doctor and state medical consultants. Although Bostwick argues that the ALJ needed to address Dr. Jensen's off-the-record comment, an ALJ need not discuss every single piece of evidence. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (noting that "the ALJ does not need to discuss every piece of evidence," and the "ALJ is not required to discuss evidence that is neither significant nor probative") (citation and quotation marks omitted).

**2.** The ALJ identified the specific testimony that he did not find credible: Bostwick's account of her limitations to the extent that her testimony was inconsistent with the ALJ's residual functional capacity assessment. Her testimony was inconsistent with the lack of evidence that she needed a hand-held assistive device to walk, *see* Social Security Ruling 96-9p, the extent of her daily activities, *see Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010), and the testimony and opinions of the medical experts, *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

**3.** Remand is unnecessary to consider the new letter that Bostwick submitted to the Appeals Council. The conclusory letter from one of her treating

physicians does not undermine the substantial evidence that supports the ALJ's

decision. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) ("Conclusory

opinions by medical experts regarding the ultimate question of disability are not

binding on the ALJ." (citing 20 C.F.R. § 416.927)).

**AFFIRMED.**