**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK CUAUHTEMOC LUNA, | No.   20-15028 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00346-JMS-WRP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted May 13, 2022**
San Francisco, California

Before:  MURGUIA, Chief Judge, BUMATAY, Circuit Judge, and BAKER,***
International Trade Judge.

Frank Cuauhtemoc Luna, *pro se*, appeals the district court's order affirming

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This court reviews an administrative law judge's ("ALJ") "denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). This standard is highly deferential. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). An ALJ's findings will be upheld "if supported by inferences reasonably drawn from the record," *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004), and courts "will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation," *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

1. Luna contends that the ALJ failed to consider all medical conditions listed in Luna's initial application for social security benefits, especially when determining Luna's residual functional capacity ("RFC"). First, an ALJ is not required to discuss each and every piece of evidence in the record, particularly "evidence that is neither

2

significant nor probative." *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Luna's argument principally fails because he does not demonstrate that any allegedly neglected impairments rendered him incapable of work under the Act, especially when considering that Luna maintained work for years while managing his impairments. The ALJ also reasonably focused on the conditions Luna identified at the February 5, 2018, hearing regarding his application for social security benefits as impediments to gainful employment, which Luna described as, "[m]ainly my back and my lack of concentration, being able to remember things or concentrate on simple instructions."

Second, the ALJ listed numerous conditions at step two when determining Luna's severe and non-severe impairments and also discussed Luna's alleged symptoms in detail throughout the disability determination. The ALJ's own findings state that Luna suffered from other ailments that were not specifically listed. For example, although the ALJ never explicitly discussed "tendinopathy"—which refers to Luna's shoulder issues—the ALJ discussed Luna's shoulder issues at length. Similarly, the ALJ discussed Luna's migraines, PTSD, and mental acuity more generally—conditions that might be traced back to Luna's traumatic brain injury. And furthermore, Luna's complaint that the ALJ did not explicitly refer to his traumatic brain injury misconstrues the ALJ's discussion. The medical record demonstrates that Luna's doctors speculated about the possibility that he had

sustained a traumatic brain injury at some point in his 25-year military career. But the ALJ was charged with determining Luna's *current* impairments and limitations. Substantial evidence therefore supports the ALJ's assessments of Luna's RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (providing that an ALJ's RFC will be affirmed if it "applied the proper legal standard and . . . is supported by substantial evidence").

2. Substantial evidence also supports the ALJ's decision to discount Luna's testimony regarding the severity of his impairments because Luna's testimony was inconsistent with the objective medical evidence, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."), and the nature of Luna's treatment and improvement suggested that he had a greater capacity for some modicum of work. Indeed, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility" for benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Tommasetti*, 533 F.3d at 1040 (affirming the ALJ's finding that effective conservative treatment such as physical therapy and use of a TENS unit were inconsistent with allegations of disabling pain). The ALJ also did not err in giving little weight to Luna's wife's function report for substantially the same reasons. *See Valentine*, 574 F.3d at 694 (noting that an ALJ may reject a lay

4

witness's testimony for the same reasons he used for rejecting the claimant's similar testimony).[1]

3. Luna also contends that the ALJ ignored the opinion of Luna's treating physician, Colleen McManaman, D.O., and that the ALJ did not provide adequate reasons for discounting portions of the opinions of the two consultative examiners, Edward B. Christenson, M.D., and William J. Marks, Ph.D. Luna also criticizes the ALJ's interpretation of his Veterans Affairs ("VA") disability ratings.

The ALJ cited Dr. McManaman's treatment notes numerous times in his decision. The ALJ "properly considered" Dr. McManaman's notes and "listed specific, legitimate reasons based on substantial evidence in the record"—namely, that "[t]he record does not establish the medical signs, symptoms, laboratory findings or degrees of functional limitation required" —to determine that such information did not render Luna unable to work for purposes of receiving social security benefits. *Earnshaw v. Comm'r of Soc. Sec. Admin.*, 357 F. App'x 36, 37 (9th Cir. 2009). The ALJ specifically found "no evidence of gross anatomical deformity," and also found that "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria"

---

[1] Because Luna does not substantiate his claim that the ALJ was biased against him, this allegation also fails. *See Rollins v. Massanari*, 261 F.3d 853, 857–58 (9th Cir. 2001) (quoting *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999)) (stating that ALJs are presumed to be unbiased, and that presumption "can be rebutted by a showing of conflict of interest or some other specific reason for disqualification").

of the Act.

The ALJ did not err in giving "partial weight" to consultative examiner Dr. Christenson's emphasis of Luna's "subjective complaints of lower extremity joint pains." Indeed, earlier in the opinion, the ALJ explained that he only partially credited Luna's testimony about the severity of his symptoms. In light of this finding, the ALJ gave only partial weight to Dr. Christenson's assessment because the assessment relied heavily on Luna's subjective reports and was contradicted by the record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding that the ALJ did not err in rejecting the opinion of a consultative examiner because the examiner's "opinion was contradicted by the opinions of other physicians" and the medical record); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140–41 (9th Cir. 2014) (quoting *Tommasetti*, 533 F.3d at 1041) (stating that an ALJ may reject even "a treating physician's opinion [which is ordinarily entitled to greater deference than a consultative examiner's opinion] if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible").

Substantial evidence also supports the "limited weight" the ALJ assigned to consultative examiner Dr. Marks's mental health consultative examination. The ALJ explained that Dr. Marks's observations about possible problems with attendance and adaptability were contradicted by some of Dr. Marks's own exam findings and were also inconsistent with the objective record. *See Bayliss*, 427 F.3d

6

at 1216 (inconsistency between doctor's recorded observations and his opinion regarding claimant's capacities); *Ford*, 950 F.3d at 1156 (inconsistency with record).

The ALJ properly gave "less weight" to the VA's determination that Luna was 100% disabled, assigning the highest ratings for sleep apnea at 50% disabled, flat feet at 50%, and PTSD at 30%, because the decision was "conclusory and [] not supported by the record." *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (similarly giving less weight to the VA's disability rating where the VA's determinations were not supported by the claimant's medical records).

4. Finally, the Social Security Administration Appeals Council did not err in declining to overturn the ALJ's findings in light of Dr. McManaman's May 15, 2018, letter disputing several aspects of the ALJ's analysis. Dr. McManaman's letter offered no new evidence that would justify remand and instead provided alternative interpretations of medical evidence the ALJ already considered. *See Bostwick v. Berryhill*, 677 F. App'x 344, 345–46 (9th Cir. 2017) (finding that the treating physician's letter did not "undermine the substantial evidence that support[ed] the ALJ's decision" because "the ALJ properly weighed the medical evidence before concluding that the claimant had the residual functional capacity to perform light work").

**AFFIRMED.**